UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEXTER D. STEWART,

    Plaintiff,

    v.                                                                            Case No. 12-C-1279

STATE OF WISCONSIN,

    Defendant.

## SCREENING ORDER

The plaintiff has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions,

2

are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's allegations are sparse. He alleges that on April 19, 2012, the State of Wisconsin detained or imprisoned him under false pretenses. He seeks compensation for the time imprisoned and the time away from his wife and kids, as well as for missed business prospects due to his incarceration. Plaintiff's complaint does not state where he is incarcerated, but it appears that he is currently in custody in the Milwaukee County Correctional Facility and is awaiting trial on two pending criminal charges.[1]

---

[1] Although it is not clear, the complaint also indicates that on December 10, 2012 he filed a grievance concerning the facts relating to his complaint, and that he has an additional pending lawsuit filed December 10, 2012 alleging false pretenses. Under the "Previous Lawsuits" section of his complaint, he checked "no" in response to questions asking whether he has begun other lawsuits in state or federal court relating to the same facts involved in this action or relating to his imprisonment. However, he then filled out the remainder of the section asking for details about any previously filed lawsuits. The information he filled in appears to coincide with the instant

3

Because the plaintiff's claim seems to possibly implicate his state criminal case by alleging his detention or imprisonment was improper, a threshold question is whether he may pursue a claim under 42 U.S.C. § 1983 or whether he must instead file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. A prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (holding a writ of habeas corpus is the exclusive civil remedy for prisoners seeking release from custody); *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999) (holding habeas corpus, not § 1983, is the appropriate vehicle "if the prisoner is seeking to 'get out' of custody in a meaningful sense"). Here, plaintiff states he is seeking compensation, rather than a release from custody. Regardless, plaintiff may not pursue an action under § 1983 if a judgment by this court would necessarily imply the invalidity of a criminal conviction that has not been reversed, expunged, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In such a case, a plaintiff's sole remedy is a writ of habeas corpus under § 2254.

It may be possible, however, for a false arrest claim under § 1983 to go forward before the defendant is convicted or before his conviction is invalidated. *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996). This is so because "a wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction." *Id.* Where a plaintiff files a false

---

complaint, including the fact that the case number he lists for the "previous lawsuit" matches the one he filled in for the case number of the instant complaint. As a result, whether he actually has an additional pending case or whether he is referring to this complaint is not apparent.

4

arrest or similar claim prior to the disposition of the charges against him, "it is in the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Following disposition of the charges, the plaintiff's claim will either be barred under *Heck* or allowed to proceed, absent some other bar to suit. *Id.* at 394.

But it is impossible to say from the face of the plaintiff's complaint what entitles him to relief and it is unclear whether he is attacking the fact or duration of his imprisonment or some other aspect of his detention. The complaint is deficient in that it alleges no facts whatsoever. Plaintiff has only provided one conclusory statement in support of his claim and as such, even given the most liberal construction, he has provided no basis upon which relief can be granted. In addition, plaintiff's complaint names the State of Wisconsin as the sole defendant. Under § 1983, a plaintiff must bring suit against persons, in their individual capacity, whose wrongful and unconstitutional acts harmed the plaintiff. *Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005). As a result, the plaintiff's complaint will be dismissed without prejudice, and he will be permitted to file an amended complaint.

However, if the plaintiff wants to proceed, he must file an amended complaint curing the grave deficiencies in the original complaint. As an initial matter, and at a bare minimum, he must provide facts indicating when and where he was detained or imprisoned, and why he believes the facts concerning such detention entitle him to relief. In other words, he must plead sufficient, specific facts that would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plaintiff should also clarify whether he has filed other grievances while

5

he has been in jail, and whether he has filed other lawsuits in state or federal court relating to the same facts involved in this action.

In addition, plaintiff should consider the relief he is seeking and whether § 1983 is the proper vehicle for his claims as there are different consequences for proceeding under 42 U.S.C. § 1983 versus filing petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Glaus*, 408 F.3d at 388-89 (citing *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002) ("[T]here are pitfalls of different kinds for prisoners using the wrong vehicle.")). For example, such consequences may include failing to sue the proper defendant or failing to bring claims in a timely manner. *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997). In addition, an adverse decision in litigation under § 1983 may count toward the "three strikes" allowed by 28 U.S.C. § 1915(g) before a prisoner loses his ability to proceed *in forma pauperis*, while an adverse decision on a petition for habeas corpus usually forecloses any second or successive request for that writ. *Id.* at 24.

Should plaintiff decide to proceed with his § 1983 action, his amended complaint must be filed on or before **60 days from the date of this order**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id*. at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **granted**.

**IT IS FURTHER ORDERED** that on or before **60 days from the date of this order**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff shall collect from the plaintiff's prisoner trust account the $350 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, WI 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court - WIED
> United States Courthouse
> 125 S. Jefferson St., Suite 102
> Green Bay, Wisconsin 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute and, therefore, he would incur a strike under 28 U.S.C. § 1915(g) for failure to state a claim.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin, this __14th__ day of January, 2013.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court